UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | |
|---|---|
| *In Re* FLYING J REBATE CONTRACT LITIGATION (NO. II) | Civil No. 14-2515-ART<br><br>**MEMORANDUM OPINION AND ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Unless a plaintiff's complaint can survive a motion to dismiss, "he is not entitled to discovery, cabined or otherwise." *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558–59 (2007). That familiar principle more or less suffices to decide the narrow issue before the Court: Whether the plaintiffs in these cases may conduct discovery to buttress their allegations of fraud before the defendants may move to dismiss. Because a plausible complaint is a condition precedent to discovery, the plaintiffs may not use the discovery process to construct an adequate complaint.

## BACKGROUND

The plaintiffs in these cases are various companies who purchased diesel fuel from Pilot Flying J. *See, e.g.*, Complaint at 1, *Wright Transp., Inc. v. Pilot Corp.*, No. 2:14-cv-68 (E.D. Ky. July 10, 2013), R. 1. The companies contracted with Flying J to pay reduced prices, via either rebates or discounts. *Id.* ¶¶ 8–12. According to the plaintiffs, Flying J fraudulently breached the agreements, by paying only a portion of the rebates or discounts to which its customers were entitled. *Id.* ¶ 13. Flying J allegedly targeted customers whom it believed lacked the manpower and sophistication to discover that they were being cheated. *Id.*

If the allegations are true (and the Court must accept them as true at this stage), then Flying J picked its victims wisely: But for some sleuthing by the Federal Bureau of Investigation, the plaintiffs here might never have caught on. An unsealed affidavit from an FBI investigation, however, exposed the details of what another court has described as a "breathtakingly vast" fraudulent scheme. Order on Motion to Dismiss at 2, *Wright Transp., Inc. v. Pilot Corp.*, No. 13-0352, R. 68 (S.D. Ala. Jan. 9, 2014) ("*Wright Transp.*"). Shortly after the plaintiffs learned of the affidavit, they initiated these actions, each of which included claims of fraud.

Although the affidavit described portions of the scheme vividly, it was not exactly a smoking gun for these particular plaintiffs. In fact, the affidavit did not mention them at all. The plaintiffs' absence from the affidavit has created some predictable problems for their allegations of fraud. Before the Panel on Multidistrict Litigation consolidated these cases here, one transferor court dismissed one of the plaintiffs' fraud claims, holding that the plaintiff—Wright Transportation—had failed to allege with particularity the circumstances underlying the alleged fraud, as required by Federal Rule of Civil Procedure 9(b). *Wright Transp.*, R. 68 at 3. The court pointedly noted that "the affidavit does not reference the plaintiff at all, much less assert that any particular individual associated with any particular defendant made any particular statement to any particular representative of the plaintiff . . . ." *Id.*

Fearing a similar fate, the other plaintiffs now seek immediate discovery—before the defendants are allowed to file motions to dismiss—so that they can reinforce their allegations of fraud with sufficiently particular facts. *See* R. 9 at 2–3. Wright seeks permission to conduct discovery before amending its complaint, so that it can re-plead the fraud claims with additional factual support. *See generally* R. 46. Because Wright and the other plaintiffs all seek the same

relief—discovery on fraud claims before the defendants may move to dismiss them (or, in Wright's case, dismiss them again)—they advance shared arguments, and the Court addresses their arguments together.

## DISCUSSION

This case demonstrates why being at the bottom of the totem pole is not always a bad thing: Sometimes, it makes life easy. *Iqbal* held that a plaintiff who had filed a deficient complaint was "not entitled to discovery." 556 U.S. at 686. "The language of *Iqbal*, 'not entitled to discovery,' is binding on the lower federal courts." *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 686). Those cases do not leave much for this Court to chew: Either the plaintiffs can state plausible claims, and so commence discovery, or they cannot. To determine whether the complaints state plausible claims for relief, the Court must allow the defendants to test them with motions to dismiss. *See Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013) ("A plaintiff is not entitled to discovery before a motion to dismiss . . . ."); *see Iqbal*, 556 U.S. at 686. Allowing discovery now would require the Court to ignore these unequivocal cases and flout the rule that emerges from them: No discovery for plaintiffs who cannot survive a motion to dismiss.

It is therefore unsurprising that the plaintiffs have failed to identify a single case from a federal court of appeals holding that a district court should have allowed discovery before entertaining motions to dismiss, so that a plaintiff could construct a plausible complaint. The plaintiffs nevertheless contend that they are entitled to such discovery here. For the reasons explained below, they are not.

## I. Whether The Court Should Relax Rule 9(b)'s Particularity Requirement Has Nothing To Do With Whether The Plaintiffs Are Entitled To Discovery Now.

The plaintiffs' first argument misses the mark, because it addresses the standard that the Court should apply to evaluate a future motion to dismiss—not whether the plaintiffs may conduct discovery now. According to the plaintiffs, all the information they need to state a plausible fraud claim lies within the defendants' exclusive control. *See, e.g.*, R. 49 at 8–10. Under such circumstances, the argument goes, courts apply a relaxed version of Federal Rule of Civil Procedure 9(b). *See id.*

The plaintiffs are free to raise that point when the defendants move to dismiss, but it has little bearing on the present dispute. The question before the Court is whether the plaintiffs may conduct discovery now, before the defendants have filed a motion to dismiss. Whether the plaintiffs may take discovery immediately has nothing to do with how leniently the Court should evaluate their allegations when later considering a motion to dismiss.

Whether the Court should relax Rule 9(b)'s heightened pleading requirements in a case like this one is an interesting question. *Compare Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 680 (6th Cir. 1988) ("Courts have held that [Rule 9(b)] may be relaxed where information is only within the opposing party's knowledge."), *with Chesbrough v. VPA, P.C.*, 655 F.3d 461, 472 (6th Cir. 2011) ("This court, however, has rejected the argument that a claim should survive a motion to dismiss on the basis that necessary information is exclusively within the defendant's control . . . ."). Sooner or later, the Court may need to decide this point. The defendants will move to dismiss, citing Rule 9(b), and perhaps the outcome will turn on whether the Court chooses to relax that Rule's requirements. But sufficient unto the day is the evil

thereof,[1] and the Court will decide whether to relax Rule 9(b)'s requirements if and when the defendants make the appropriate motion.

After the parties completed their briefing, Pilot settled with the United States, but that settlement has no impact on whether the plaintiffs may conduct discovery now. Two plaintiffs nevertheless filed an additional brief following the settlement arguing otherwise. *See* R. 61. The brief describes the settlement, states that Pilot has "already admitted the specific facts which it wants to contend the plaintiffs have not plead with specificity," and concludes that "the legal issue to be addressed is estoppel, not whether Pilot is sufficiently on notice of the allegations raised against it." R. 61 at 3–4. Again, however, the current round of briefing concerns only whether the plaintiffs may take immediate discovery—not whether the allegations are sufficient, and not whether Pilot or the other defendants are estopped from denying them. Insofar as the brief means to argue that Pilot is somehow estopped from resisting the plaintiffs' requests for immediate discovery, that argument is waived. The brief cites no legal authority and fails to recite even the elements of estoppel. *See id.* at 3–4. It is the duty of the parties to construct their arguments, and the Court declines to make this one from scratch. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.").

## II.     None of the Transferor Courts' Prior Rulings Requires Discovery At This Stage.

The plaintiffs next contend that they are entitled to discovery because the court that dismissed Wright Transportation's fraud claims held as much. *See* R. 46 at 9. Under the law of the case doctrine, this Court would think long and hard before revisiting such an order. *See United States v. Todd*, 920 F.2d 399, 403 & n.1 (6th Cir. 1990). But no such order appears in the record.

---

[1]*Matthew* 6:34.

The Wright plaintiffs filed suit in the Southern District of Alabama, and the defendants moved to dismiss. *See Wright Transp.*, R. 68 at 1. Wright's claims for breach of contract and unjust enrichment survived, but the Court dismissed the rest of Wright's claims, including all of its fraud claims. *See id.* at 8. The plaintiffs then commenced discovery on their remaining claims. The beginning of the discovery process provoked some bickering regarding the scope of discovery: The Wright plaintiffs "insisted on proceeding with unlimited discovery," R. 46 at 7, and the defendants sought to cabin discovery to materials that were relevant to the surviving claims, *see* Memorandum in Support of Motion for Protective Order, Exhibit C at 3, *Wright Transp.*, R. 94-3. The plaintiffs argue that some combination of the transferor court's discovery orders resolved this dispute in Wright's favor, meaning that all the plaintiffs may conduct discovery on their fraud claims now. R. 46 at 11–12.

That claim is tough to square with the transferor court's last relevant discovery order. The court ordered the Wright plaintiffs to show cause why discovery should not be limited to the two surviving claims only. Order to Show Cause, *Wright Transp.*, R. 95. That order indicates that the transferor court did not understand itself to have authorized immediate discovery on the fraud claims—if it had, then there would have been no need for Wright Transportation to show cause; the court simply would have denied the defendants' motion to limit the scope of discovery. *But see id.* The Court thus sees nothing in the records of these cases that requires it to allow the plaintiffs to conduct discovery on their fraud claims now.[2]

---

[2]Wright Transportation gestures at a second point: That its surviving claims are so closely related to the claims for fraud that the discovery requests it submitted in Alabama are nevertheless proper. R. 46 at 10. That may be, but that is not the question before the Court, and this order expresses no view on that point.

### III. Federal Rule of Civil Procedure 11(b)(3) Does Not Allow The Plaintiffs To Conduct Discovery Now.

Finally, the plaintiffs point to Federal Rule of Civil Procedure 11(b)(3). *See* R. 49 at 10. It is unclear whether the plaintiffs mean to invoke Rule 11(b) as a basis for discovery now, or whether they are again arguing that the Court should apply some relaxed version of Rule 9(b) to their pleadings when the defendants move to dismiss. *See id.* Whatever the plaintiffs mean to argue, Rule 11 does not allow them to take discovery on their fraud claims at this stage.

Rule 11 associates certain representations with any court filing. By submitting a document to the Court, an attorney certifies that the filing is not made for the purpose of delay and that any legal claim is supported by a nonfrivolous argument. Fed. R. Civ. P. 11(b)(1), (2). As relevant here, the attorney also certifies that his "factual contentions have evidentiary support, or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). If an attorney violates any portion of Rule 11(b), then he is subject to sanctions under subsection (c).

As an original matter, one might think that Rule 11(b)(3) provides attorneys with a safe-harbor from sanctions only: If the attorney reasonably believes that evidence uncovered in discovery will support a particular fact, then the attorney can allege that fact without fear of Rule 11(c). *See Rotella v. Wood*, 528 U.S. 549, 560 (2000) (explaining that Rule 11(b)(3) allows "flexibility" in pleadings). But the plaintiffs suggest that Rule 11(b)(3) provides them with an independent basis for discovery, one that they may invoke before the defendants move to dismiss. R. 49 at 10.

The plaintiffs hang that claim upon one sentence of footnoted *dicta*. *See Brown v. Cassens Transp. Co.*, 546 F.3d 347, 356 n.4 (6th Cir. 2008). In *Brown*, the panel "expresse[d] no view" about whether a district court should have permitted a plaintiff alleging fraud to "plead

additional particular facts after discovery under Rule 11(b)," before dismissing the case. *Id.* The panel noted, however, that such a practice "is not foreign to this court." *Id.* (citing *Michaels*, 848 F.2d at 679–81).

As the panel itself acknowledged, it had no occasion to consider that question, because it had already held that the plaintiffs' claims should not have been dismissed at all. *Brown*, 546 F.3d at 356 n.4. But the panel opined further, and included one sentence that at least inferentially supports the plaintiffs' position. The panel characterized the case it cited, *Michaels*, as "holding that plaintiffs alleging RICO civil fraud claims that failed to satisfy Rule 9(b)'s particularity requirement were entitled to [an] opportunity for discovery under Rule 11(b)(3) before their claims were dismissed." *Brown*, 546 F.3d at 356 n.4 (describing *Michaels*, 848 F.2d at 679–81). If fraud plaintiffs who filed a complaint that failed to satisfy Rule 9(b) were entitled to discovery under Rule 11(b)(3) in *Michaels*, then why may the plaintiffs not take discovery now, too?

The answer is simple: Because this Court cannot accept *Brown*'s characterization of *Michaels*. As the *Brown* panel noted, its description of *Michaels* was *dicta*, and this Court is bound by the Sixth Circuit's holdings only. *Cf. Hinchman v. Moore*, 312 F.3d 198, 203–04 (6th Cir. 2002) (noting that one panel's *dicta* does not bind future panels). Despite *Brown*'s contrary description, *Michaels* stated that the plaintiffs there *had* satisfied Rule 9(b): "[Rule 9(b)] requires that the circumstances of the fraud be pled with enough specificity to put defendants on notice as to the nature of the claim. *Plaintiffs in this case have met that requirement*." 848 F.2d at 680 (emphasis added). And if the *Michaels* plaintiffs satisfied Rule 9(b), then *Michaels* does not support the proposition that Rule 11(b)(3) requires the Court to permit discovery before

8

entertaining motions to dismiss. Instead, it stands for the unremarkable proposition that the Court should not dismiss adequate complaints.

Nevertheless, district courts do not disregard *dicta* from higher courts lightly: When a district court and an appellate panel square off, the panel opens in Vegas as a prohibitive favorite. Thankfully, this Court is not alone in its reading of *Michaels*. Another published Sixth Circuit opinion has described *Michaels* in terms that cannot be reconciled with *Brown*. *See United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 505–506 (6th Cir. 2007). *Bledsoe* described *Michaels* as follows: "In *Michaels*, the plaintiffs had specifically pled the parties and the participants to the alleged fraud, the representations made, the nature in which the statements are alleged to be misleading or false . . . *and there was no evidence that the plaintiffs had failed to plead with specificity a necessary element of their case*." 501 F.3d at 505–06 (emphasis added) (internal quotation marks omitted). *Bledsoe* thus understood *Michaels* as a case in which the plaintiffs submitted an adequate complaint. *See id.* The plaintiffs were entitled to discovery because their complaint should not have been dismissed—not because Rule 11 authorized discovery despite some shortcoming in their complaint. *See id.*

*Bledsoe* distinguished *Michaels* while responding to one of the appellant's arguments, making its take on *Michaels* closer to a holding than the *dicta* in *Brown*. *See Bledsoe*, 501 F.3d at 505–06. Choosing between *Brown* and *Bledsoe* is no choice at all: This Court is bound to prefer the case whose description of *Michaels* was not the purest form of *dicta* and whose description better accords with what *Michaels* said. And according to *Bledsoe*, *Michaels* is a case where the plaintiffs' complaint should not have been dismissed at all. That reading of *Michaels* provides no support for the proposition that Rule 11(b)(3) requires the Court to allow discovery before motions to dismiss.

**CONCLUSION**

Before a plaintiff may subject a defendant to the travails of discovery, a court must allow the defendant to test the complaint with a motion to dismiss. *See Kolley*, 725 F.3d at 587. If the complaint is deficient, then the plaintiff is not entitled to conduct discovery of any kind. *Iqbal*, 556 U.S. at 686. *Brown*'s *dicta* notwithstanding, that is the order of operations the Court will follow in this case. Therefore, the plaintiffs may not take discovery on their fraud claims to arm themselves against future motions to dismiss.

It is **ORDERED** that a telephonic conference is **SCHEDULED** for **Tuesday, July 29, 2014, at 10:00 a.m.**, to discuss the next steps in this case. A court reporter is needed and will be provided by the Court. The parties must **DIAL IN** to this conference call five minutes before the scheduled time by following these steps:

(A) Call AT&T Teleconferencing at 1-877-873-8017;

(B) Enter access code 8284218 (followed by "#"); and

(C) When requested, enter the security code, 1234 (followed by "#").

This the 21st day of July, 2014.

Signed By:
*Amul R. Thapar* AT
United States District Judge